[ECF No. 9]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL YANNUL,<br><br>          Plaintiff,<br><br>v.<br><br>UNIVERSAL DENTISTRY, P.C. et al.,<br><br>          Defendants. | Civil No. 24-10792 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court on the "Motion for Extension of Time to Complete Service" [ECF No. 9] filed by Plaintiff Michael Yannul. Plaintiff seeks a 90-day extension to complete service upon Defendant, Ira Eisenstein, DMD ("Dr. Eisenstein"). The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

On November 27, 2024, Plaintiff filed this action against Defendants Universal Dentistry, P.C., Universal Dentistry Management, L.L.C., and Dr. Eisenstein. *See* Compl. [ECF No. 1]. The Clerk's Office issued summonses with respect to these Defendants on December 2, 2024. *See* Summons [ECF No. 3].

On January 16, 2025, Plaintiff attempted to personally serve Dr. Eisenstein at Universal Dentistry P.C. *See* Mem. of Law at 5 [ECF No. 9-1]; Exh. A [ECF No. 9-3]. The licensed process server was informed that Dr. Eisenstein was no longer employed there. *Id.* On January 22, 2025, Plaintiff attempted to personally serve Dr. Eisenstein at two other locations thought to be his places

of employment. *See* Mem. of Law at 5-6 [ECF No. 9-1]. The process server was informed that Dr. Eisenstein was no longer employed at either of the locations. *See id.*; Exh. B [ECF No. 9-4]; Exh. C [ECF No. 9-5]. On February 11, 2025, Plaintiff attempted to ascertain Dr. Eisenstein's address from the New Jersey State Board of Dentistry. *See* Exh. D [ECF No. 9-6].[1] On February 26, 2025, Plaintiff also mailed a request to waive service and a copy of the complaint by courier to 955 Chanticleer, Cherry Hill, New Jersey 08003. *See* Mem. of Law at 6-7 [ECF No. 9-1]; Exh. E [ECF No. 9-7]. The request and copy of the complaint were delivered to the mailbox of the address. *Id.* However, the courier was unable to personally deliver the papers. *Id.*

On February 28, 2025, Plaintiff filed the present motion seeking a 90-day extension to serve Dr. Eisenstein. *See* Mot. [ECF No. 9]. Plaintiff contends that his multiple attempts to serve Dr. Eisenstein within the time prescribed by Rule 4(m) establishes good cause to warrant this extension. *See* Mem. of Law at 7-8 [ECF No. 9-1]. After filing his motion, Plaintiff personally served Dr. Eisenstein through a licensed process server on March 13, 2025. *See* Aff. of Service [ECF No. 10].

**II.   DISCUSSION**

   **A.  Legal Standard**

Pursuant to Rule 4(m) if a plaintiff shows "good cause" for failing to serve a defendant within 90 days of filing the complaint, a district court "must extend the time for service for an appropriate period." See Fed. R. Civ. P. 4(m). "[T]he primary focus" of the good cause analysis is plaintiff's "reasons for not complying with the time limit in the first place." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). The plaintiff must demonstrate "good faith" and "some reasonable basis for noncompliance within the time specified in the rules."

---

[1] Plaintiff's motion did not indicate the result of this attempt.

2

*Id.* Within this context, courts have considered three factors to determine whether good cause exists: (1) the reasonableness of the plaintiffs' efforts to serve; (2) prejudice to the defendants by lack of timely service; and (3) whether the plaintiffs timely moved for an extension of time. *See Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020) (citation omitted).

### B. Analysis

Here, the Court finds Plaintiff established good cause for failing to serve Dr. Eisenstein within the time prescribed by Rule 4(m). Plaintiff made reasonable and good faith efforts to timely serve Dr. Einstein. The 90-day period to serve Defendants expired on February 25, 2025.[2] Prior to this date, Plaintiff attempted to personally serve Dr. Eisenstein on three occasions at three different locations. Plaintiff also sought to ascertain Dr. Eisenstein's current mailing address from the New Jersey State Board of Dentistry. These reasonable efforts support a finding of good cause.

The Court also finds Dr. Einstein will not be prejudiced by the lack of timely service. Dr. Einstein has now been served, and service occurred only two weeks after the 90-day deadline expired. This delay is minimal and will not significantly impact litigation.

Although Plaintiff failed to timely move for an extension, this delay was minimal. Plaintiff's motion was filed three days after the expiration of the 90-day period. Plaintiff's slight delay does not preclude a finding of good cause. *Cf. Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 529 (M.D.Pa. 2010) (recognizing the Third Circuit's preference "to decide a case on its merits than on a procedural technicality"). In light of Plaintiff's overall diligence, which continued even after the motion was filed, Plaintiff established good cause for an extension.

---

[2] Plaintiff contends the deadline to effect service was March 2, 2025, 90 days after the Summons was issued on December 2, 2024. *See* Mem. of Law at 8 [ECF No. 9-1]. However, the service period is calculated from the date the complaint is filed under Rule 4(m). *See* Fed. R. Civ. P. 4(m).

### III. CONCLUSION

Accordingly, for all the foregoing reasons, **IT IS HEREBY ORDERED** this **24th** day of **March**, **2025**, that Plaintiff's Motion [ECF No. 9] is **GRANTED**; and it is further

**ORDERED** that service on Defendant Ira Eisenstein, DMD, which occurred on March 13, 2025, is deemed timely.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.